**James AILES, Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 96–1873.

Court of Appeals of Iowa.

Nov. 25, 1997.

Kermit L. Dunahoo of the Dunahoo Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Thomas S. Tauber, Assistant Attorney General, Michael Short, County Attorney, and Bruce C. McDonald, Assistant County Attorney, for appellee.

Considered by CADY, C.J., and SACKETT and HUITINK, JJ.

HUITINK, Judge.

Ailes appeals from the district court's judgment denying his application for postconviction relief. We affirm.

### I. Background Facts and Proceedings.

Ailes was charged with first-degree burglary and second-degree robbery in April 1994. Prior to trial, the State offered to dismiss the burglary charge in exchange for Ailes' guilty plea to robbery. Ailes' lawyer wrote Ailes informing him of the State's terms and probable sentencing consequences of the plea bargain. Counsel told Ailes robbery was a forcible felony and because he was ineligible for probation or parole he would serve a maximum of five years.

Ailes rejected the plea bargain and was convicted on both counts. He was sentenced to concurrent twenty-five and ten year terms. Ailes' direct appeal was dismissed as frivolous pursuant to Iowa Rule of Appellate Procedure 104.

In this postconviction relief proceeding Ailes' claimed he was denied effective assistance of trial counsel. He cites counsel's admittedly erroneous advice concerning the sentencing consequences of the plea bargain offered by the State. Although the district court agreed with this contention, postconviction relief was denied because Ailes failed to show he was prejudiced by his lawyer's erroneous advice.

On appeal Ailes renews the argument he advanced in the district court. The State contends Ailes cannot prove he was prejudiced by trial counsel's erroneous advice because the record indicates he would not accept *any* plea bargain including a prison sentence. The State also argues Ailes' failure to raise this issue on direct appeal precludes postconviction relief.

### II. Standard of Review.

Ordinarily, our review of postconviction relief proceedings is for errors of law. *Hinkle v. State*, 290 N.W.2d 28, 30 (Iowa 1980). However, when a postconviction petitioner asserts violation of constitutional safeguards—such as ineffective assistance of counsel—we make our own evaluation based on the totality of the circumstances. This is the equivalent of de novo review. *Id.*

### III. Error Preservation.

Generally, a postconviction relief applicant has the burden to show sufficient reason why a ground for relief was not previously asserted on direct appeal. *Bledsoe. v. State*, 257 N.W.2d 32, 33–34 (Iowa 1977). This burden, however, does not attach following a contested dismissal of an applicant's direct appeal as frivolous under Iowa Rule Appellate Procedure 104. *Munz v. State*, 382 N.W.2d 693, 695 (Iowa App. 1985); *Stanford v. Iowa State Reformatory*, 279 N.W.2d 28, 34 (Iowa 1979). In announcing the latter rule, the Supreme Court said:

In so ruling, we do not pass upon whether the burden of proof required by *Bledsoe* is applicable where, as in *Bledsoe*, no resistance to the [104] motion was filed.

*Stanford v. State Reformatory,* 279 N.W.2d at 34.

■ The record contains no indication Ailes resisted appellate counsel's motion to dismiss Ailes' direct appeal as frivolous. Ailes was given sufficient notice of counsel's intentions and was provided an opportunity to alert appellate counsel to those facts and circumstances supporting the grounds upon which he now relies for appellate relief. We hold Ailes' failure to do so precludes postconviction relief.

Accordingly, the judgment of the district court is affirmed.

**AFFIRMED.**