Arthur BUGLEY, Appellant,

v.

STATE of Iowa, Appellee.

No. 98–608.

Supreme Court of Iowa.

June 3, 1999.

Martha M. McMinn, Sioux City, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Thomas S. Mullin, County Attorney, and Paul E. Kittredge, Jr., Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, NEUMAN, and CADY, JJ.

CADY, Justice.

Arthur Bugley appeals from the summary dismissal by the district court of his application for postconviction relief. We affirm the district court.

## I. Background Facts and Proceedings.

Bugley was convicted of three counts of third-degree sexual abuse following a jury trial. He was also found to be a habitual offender. The district court subsequently sentenced Bugley to three concurrent fifteen-year terms of imprisonment.

Bugley filed an appeal from the judgment and sentence. After reviewing the record, his court-appointed appellate counsel filed a motion to withdraw pursuant to Iowa Rule of Appellate Procedure 104. A brief which accompanied the motion analyzed three potential issues for appeal, and concluded they were without merit. The motion further indicated a claim of ineffective assistance of counsel should be considered in postconviction relief proceedings because the record was inadequate to fully address it on direct appeal. The underlying basis for this claim was Bugley's trial attorney failed to challenge a juror during voir dire for bias.

Appellate counsel sent Bugley a copy of the motion, brief in support of the motion, and a letter informing him to raise any points in support of his appeal with the supreme court within thirty days if he disagreed with the motion. The letter also informed Bugley his appeal would be dismissed if he failed to contact the supreme court.

Bugley did not resist the motion to withdraw. Following our review of the motion, the appeal was dismissed as frivolous pursuant to rule 104.

Bugley subsequently filed an application for postconviction relief. He raised several claims, including grounds of ineffective assistance of trial counsel not considered

in the rule 104 motion.[1] He also raised the jury bias claim reviewed by his former appellate counsel in the rule 104 motion.

The State moved for summary judgment. It claimed the dismissal of the direct appeal as frivolous precluded Bugley from asserting his postconviction relief claims. The district court granted the motion. It concluded Bugley should have raised his grounds for postconviction relief on direct appeal in response to the rule 104 motion, and his failure to do so precluded him from raising them in a subsequent postconviction relief petition.

On appeal Bugley claims the district court erred by precluding postconviction relief on those grounds which were not apparent from the trial record and could not have been raised on direct appeal. He also claims the dismissal of his postconviction relief petition denied him due process of law because he was not notified that the failure to object to the rule 104 dismissal of his direct appeal would deprive him of the opportunity to pursue postconviction relief based on new grounds.

## II. Standard of Review.

Postconviction proceedings are law actions ordinarily reviewed for errors of law. *Carter v. State*, 537 N.W.2d 715, 716 (Iowa 1995). When summary judgment is granted in a postconviction relief action, we examine the record to determine if a genuine issue of fact exists and whether the moving party is entitled to a judgment as a matter of law. Iowa R.Civ.P. 237(c); *Grissom v. State*, 572 N.W.2d 183, 184 (Iowa App.1997). However, when there is an alleged denial of constitutional rights our review is de novo. *Osborn v. State*, 573 N.W.2d 917, 920 (Iowa 1998).

## III. Uncontested Dismissal of Direct Appeal.

The first issue we consider is whether an applicant for postconviction relief who failed to object to the dismissal of a prior direct appeal as frivolous is precluded from pursuing claims for relief in a postconviction petition. The resolution of this issue hinges upon two rules.

The first rule is Iowa Rule of Appellate Procedure 104. This rule permits counsel appointed to represent an indigent defendant in an appeal to move to withdraw if convinced, after conscientious investigation, the appeal is frivolous. Iowa R.App.P. 104(a); *Poulin v. State*, 525 N.W.2d 815, 816 (Iowa 1994). Counsel must, however, advise the client in writing of the intent to file a motion to withdraw and provide the client with a copy of the motion and the required brief in support of the motion. Iowa R.App.P. 104(b); *Poulin*, 525 N.W.2d at 816–17. Counsel must also notify the client to advise the supreme court within thirty days of receiving counsel's letter whether the client desires to proceed with the appeal, and to raise any appropriate points in response to the motion if the client chooses to proceed with the appeal. Iowa R.App.P. 104(b), (d). A defendant who fails to communicate with the supreme court is deemed to agree with the decision of appellate counsel that the appeal is frivolous. Iowa R.App.P. 104(g).

1. In his application for postconviction relief, Bugley asserted three grounds for relief: (1) evidence of material facts existed that were not previously presented and heard requiring vacation of the conviction or sentence; (2) his probation was unlawfully revoked; and (3) his conviction or sentence was subject to attack. The facts alleged to support these grounds were his probation was revoked based upon his conviction in this case; the court refused to enter exhibits of evidence; and his attorney would not file a motion to produce relevant evidence. Bugley also listed several arguments under the portion of the postconviction relief application asking him to describe facts supporting his application. He states: "Fail to check with victim's family and mental status. Attorney failed to notify court of applicant's material facts to assist applicant in his defense at Trial. Applicant's attorney failed to assist others with Applicant's Appeal. Jury members were knowledgeable of other crimes (were bias [sic] toward Applicant). Applicant's attorney misrepresented Applicant throughout course of case."

The second rule is found in Iowa Code section 822.8 (1997). It limits the grounds for a postconviction relief petition by providing, in relevant part:

Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived ... in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted ... in the original, supplemental or amended application.

■ We have interpreted section 822.8 to impose a burden upon a postconviction applicant to show sufficient reasons why any ground for relief asserted in a postconviction relief petition was not previously asserted on direct appeal.[2] *Bledsoe v. State*, 257 N.W.2d 32, 33–34 (Iowa 1977). If the burden is not met, the grounds may not be asserted in a postconviction relief petition. *Id.*

■ We have also previously determined that when a direct appeal is dismissed as frivolous in response to a contested rule 104 motion, the burden described in *Bledsoe* does not apply. *Stanford v. Iowa State Reformatory*, 279 N.W.2d 28, 34 (Iowa 1979). Thus, the dismissal under these circumstances does not prevent issues which could have been presented upon direct appeal from being pursued on postconviction relief. *Id.* We reserved, however, the question whether the *Bledsoe* rule would apply when no resistance to the dismissal was filed. *Id.*

Although this case is our first opportunity to consider the question reserved in *Stanford,* our court of appeals was given the opportunity in *Ailes v. State*, 574 N.W.2d 353 (Iowa App.1997). It concluded the applicant's failure to resist counsel's motion under rule 104 on direct appeal precluded postconviction relief. *Ailes*, 574 N.W.2d at 355.

We agree with the court in *Ailes* that the failure to resist a dismissal under rule 104 can preclude subsequent postconviction relief. However, we think *Ailes* went too far. We believe section 822.8 permits a postconviction applicant to pursue grounds that could have been raised on direct appeal, but were not, by showing sufficient reasons for not raising such grounds in response to a rule 104 motion.

■ We expressed two reasons in *Stanford* for not imposing the all-inclusive mandate of section 822.8 in postconviction relief proceedings instituted after a contested dismissal of a direct appeal pursuant to rule 104. *Stanford*, 279 N.W.2d at 34. First, a dismissal under the frivolous appeal rule is not an adjudication for the purposes of postconviction relief. *Id.; State v. Boge*, 252 N.W.2d 411, 413 (Iowa 1977). Second, the imposition of the *Bledsoe* burden to a contested dismissal would impermissibly permit counsel to waive the grounds for postconviction relief contrary to the desires of the client. *Stanford*, 279 N.W.2d at 34. In other words, counsel's failure to raise claims on direct appeal cannot be imputed to the applicant.

This same reasoning, however, does not fully apply when an applicant fails to object to a prior rule 104 dismissal. Although the dismissal would still not be considered an adjudication for the pur-

---

**2.** A literal reading of section 822.8 might suggest that the bar of "[a]ny ground ... not raised" refers to grounds not raised in the original postconviction relief action rather than the direct appeal. However, when section 822.8 is read in conjunction with section 822.2, which provides that postconviction relief is not a substitute for direct review or proceedings incident to trial, we apply the section 822.8 bar to initial postconviction relief petitions as well, and exclude all grounds not raised on appeal unless sufficient reason is shown for not raising them. Principles of prior adjudication and waiver, of course, exist independent of section 822.8 to preclude grounds in an initial postconviction relief petition which were previously decided or knowingly, voluntarily, and intelligently waived.

poses of postconviction relief, the failure to raise grounds for relief on direct appeal no longer rests with the actions of counsel. An unresisted rule 104 motion transforms counsel's decision not to raise any grounds on direct appeal into the decision of the applicant. *See* Iowa R.App.P. 104(g). The applicant is considered to have filed an appeal and elected not to raise any grounds despite the opportunity. Under section 822.8, this failure to raise grounds which could have been raised on direct appeal precludes asserting the grounds in a postconviction relief petition.

Section 822.8, however, cannot be applied against an applicant to exclude postconviction relief for failing to raise grounds on direct appeal without also giving the applicant the corresponding opportunity to satisfy the burden provided under the statute. The *Bledsoe* burden was not pertinent in *Stanford* because the "not raised" language of the statute was never implicated. The case was dismissed over the applicant's objection before the issues were framed.

We recognize the *Bledsoe* burden is not applicable under all circumstances defined by section 822.8. The general statutory mandate under section 822.8 applies to three situations: grounds "finally adjudicated"; grounds "not raised"; or any ground "knowingly, voluntarily, and intelligently waived" in any other proceeding. *Rinehart v. State*, 234 N.W.2d 649, 657 (Iowa 1975). Yet, the "sufficient reason" exception applies only to the second situation involving grounds "not raised." Iowa Code § 822.8. Thus, the burden does not apply when the grounds were "finally adjudicated" or "knowingly, voluntarily, and intelligently waived" in a proceeding to secure relief. *Id.* When grounds have been finally adjudicated or waived, they may not be asserted in a subsequent post-conviction relief petition.[3] However, when it is claimed the postconviction relief applicant failed to raise claims in a prior proceeding, section 822.8 operates to permit the applicant to establish sufficient reasons for not raising the grounds.

■ We therefore modify the holding in *Ailes*. All grounds which could have been raised in the direct appeal are precluded from postconviction relief only if the applicant fails to show sufficient reason why they were not raised on direct appeal.

## IV. Bugley's Petition.

Although we find the *Bledsoe* burden to be applicable to Bugley's postconviction relief petition, we find the trial court did not err in dismissing the petition. *See Collins v. State*, 477 N.W.2d 374, 376 (Iowa 1991) (we will affirm on appeal where any proper basis appears for the district court ruling even though it was not the one upon which the court based its ruling); *LeGrand v. State*, 540 N.W.2d 667, 669 (Iowa App.1995) (upholding denial of postconviction relief on proper basis and record even though it was not one upon which the trial court based its ruling). Two reasons support the dismissal of the petition.

■ Bugley was required to show a sufficient reason for failing to assert his claims on direct appeal. *See Bledsoe*, 257 N.W.2d at 34. Except for the claim of ineffective assistance of counsel based on jury bias, Bugley failed to plead or show a sufficient reason for failing to assert his claims on direct appeal. Bugley did indicate in his resistance to the State's motion for summary judgment the ineffective assistance of counsel claims were properly raised in the postconviction relief petition because trial records are normally inadequate for appellate courts to fully address

---

**3.** There was no claim in this case, or any finding made by the district court, that Bugley waived his postconviction relief grounds by failing to object to the rule 104 motion. The failure to object to a motion under rule 104 could, however, constitute waiver under section 822.8, particularly to those issues specifically reviewed in the motion. In that instance, no opportunity would exist to allow an applicant to assert any ground which was previously waived.

such claims. Although this may explain why claims of ineffective assistance of trial counsel generally cannot be determined on direct appeal, it does not provide sufficient reasons for not raising the claim. *Collins,* 477 N.W.2d at 376–77. Section 822.8 requires all claims be raised when an appeal is taken unless sufficient reason is shown. There was no indication Bugley raised these postconviction relief claims with his appellate counsel on direct appeal so the record could be examined to determine if it was sufficient to support the claims.

■ On the other hand, the record shows the claim of ineffective assistance of counsel based on jury bias was not raised on direct appeal because appellate counsel specifically examined the record and determined it was inadequate to support the claim. We think this establishes sufficient cause for failing to raise this issue on direct appeal, which would permit Bugley to raise it on postconviction relief.

■ Nevertheless, there is a second reason the trial court did not err in dismissing the petition. Bugley failed to state the specific ways in which counsel's performance was inadequate and how competent representation would have changed the outcome. *See Dunbar v. State,* 515 N.W.2d 12, 15 (Iowa 1994). The claim of ineffective assistance of counsel was too general to grant relief or preserve for further proceedings. *Id.*

### V. Conclusion.

We conclude the *Bledsoe* burden attaches in those instances when a defendant pursues postconviction relief after failing to object to a dismissal of a direct appeal under rule 104. Because we modify *Ailes,* there is no need to address the due process claim raised by Bugley. The "sufficient reason" burden under section 822.8 gives an applicant an opportunity to raise claims not previously raised. Nevertheless, Bugley failed to offer any evidence in response to the motion for summary judgment to satisfy the burden under *Bledsoe,* and failed to articulate specific claims and supporting facts. We affirm the district court.

**AFFIRMED.**