Jack PFAU, Applicant–Appellant,

v.

STATE of Iowa, Respondent–Appellee.

No. 00–1968.

Court of Appeals of Iowa.

March 13, 2002.

Philip B. Mears of Mears Law Office, Iowa City, for appellant.

Thomas J. Miller, Attorney General, Thomas W. Andrews, Assistant Attorney General, Patrick Jackson, County Attorney, and Amy Snook, Assistant County Attorney, for appellee.

Considered by HUITINK, P.J., and ZIMMER and VAITHESWARAN, JJ.

HUITINK, P.J.

### I. Background Facts and Proceedings.

Jack Pfau, Gabe Delgado, Steve Moore, and Chris Larkin were implicated in the armed robbery of a Burlington McDonald's. Pfau and Larkin were jointly charged with the robbery. Moore was separately charged and tried for the same offense. Larkin's case was severed, and he subsequently entered a guilty plea. Larkin was called as a State's witness in both Moore's and Pfau's robbery trials.

At Pfau's robbery trial, however, Larkin refused to testify and was cited for contempt. As a result, the State and Pfau's attorney agreed to the admission of Larkin's testimony as transcribed in Moore's trial. Larkin's testimony was highly incriminating because it directly linked Pfau to both the planning and commission of the robbery. In exchange for this concession, the State agreed to the admission of otherwise inadmissible hearsay testimony from three witnesses who claimed Larkin told them Pfau withdrew from the robbery before its commission. Over Pfau's objection, the State was permitted to cross-examine Cary Rice, one of the three defense witnesses, concerning Pfau's interest in joining a group known as the "Cycos" to establish that Rice's testimony was biased.

The jury rejected Pfau's alibi defense and returned a guilty verdict. A judgment of conviction was entered, and Pfau was sentenced in accordance with the jury's verdict.

On direct appeal Pfau's appellate counsel moved to withdraw, arguing Pfau's appeal was frivolous. In counsel's brief supporting the motion, counsel addressed a number of potentially appealable issues. These included Pfau's pretrial motions, Pfau's objections at trial to Rice's testimony, the court's jury instructions, Pfau's motions for judgment of acquittal, Pfau's motion for new trial, and Pfau's ineffective assistance of counsel claim. Counsel opined that none of these issues or claims constituted reversible error.

In his resistance to appellate counsel's motion to withdraw, Pfau cited the following grounds:

1. Ineffective Counsel
   A. Not informed of all rights preceeding [sic] to trial
2. Violation of Rights
   A. Was not giving [sic] a chance to depose state's witness
   B. Minutes of Test. say [sic] were depose [sic] but not to my knowledge
3. No weapon regarded as being in my possession during robbery which according to Law Books makes it a Robbery II
4. Judge gave order of information not to be used at trial but was used anyways [sic].

These are my reasons for pursuing my appeal case. I prayfully ask that you submitt [sic] this with my already submitted appeal and that another counselor be appointed to myself. Thank you for your time and attention to this matter.

In a subsequent communication, Pfau restated his grounds in the following terms:

I recently recieved [sic] a letter of withdrawl [sic] from my court-appointed appeals attorney. In the letter it stated I had 30 days to respond to his with-

drawl [sic]. As I stated before I feel my grounds of appeal on evidence ruled out by the judgebut [sic] used by tthe [sic] trial court and a witness used in trial as evidence who was in furtherance of severl [sic] conspiraciesto [sic] commit other crimes is grounds for a new trial under *Walder v. United States and Reed v. People, 156 Colo. 450, 402 P.2d 68 (1965).* I also have amendments to add for my appeal once I finish reading through my transcripts that I just recently recived [sic]. I will be waiting for my new appointment of a [sic] attorney in the near future.

The supreme court granted appellate counsel's motion to withdraw, and Pfau's appeal was dismissed as frivolous under what was then Iowa Rule of Appellate Procedure 104, now renumbered as 6.104.

These proceedings commenced with Pfau's pro se petition for postconviction relief. Although Pfau's original petition cited multiple grounds for relief, it was subsequently amended to include those claims of ineffective assistance of trial and appellate counsel advanced below and on appeal. Specifically, Pfau faulted trial counsel for agreeing to the introduction of the transcript of Larkin's testimony from Moore's trial. Appellate counsel was faulted for failing to adequately argue the inherently prejudicial effect of Rice's testimony concerning Pfau's interest in the "Cycos."

Pfau's complaint concerning counsel's agreement to the admission of Larkin's testimony was the only ground alleged in his original petition that was advanced at his postconviction trial.

The postconviction court rejected both of Pfau's ineffective assistance of counsel theories. The court cited the supreme court's independent review of and presumptive consideration of any prejudice attending Rice's testimony in its ruling on appellate counsel's motion. Moreover, with regard to the admission of Larkin's testimony, the court acknowledged the requisite deference shown to trial counsel's strategic considerations in making the challenged agreement with the State. In addition, the postconviction court noted the strength of the State's case against Pfau and concluded there was no reasonable probability of a different result in the absence of counsel's alleged breach of essential duties. As noted earlier, Pfau's petition was dismissed, resulting in this appeal.

On appeal Pfau renews the arguments made below. He contends that he has met his burden of proof and is therefore entitled to the relief requested. The State argues Pfau waived the grounds for postconviction relief upon which he relies because he failed to include them in his resistance to dismissal of his direct appeal. The State alternatively argues that Pfau has failed in his burden and the record supports the result reached below.

## II. Scope of Review.

Ordinarily, our review of postconviction relief proceedings is for errors of law. *Hinkle v. State,* 290 N.W.2d 28, 30 (Iowa 1980). However, when a postconviction petitioner asserts violation of constitutional safeguards, we make our own evaluation based on the totality of the circumstances. This is the equivalent of de novo review. *Id.*

## III. The State's Waiver Argument.

In the absence of an appropriate reason, a defendant's failure to resist dismissal of a direct appeal under Iowa Rule of Appellate Procedure 6.104 can preclude subsequent postconviction relief. *Bugley v. State,* 596 N.W.2d 893, 896 (Iowa 1999). In *Bugley* the court also noted "[t]he failure to object to a motion under rule [6.104] could ... constitute waiver under section 822.8, particularly to those issues specifi-

cally reviewed in the motion."[1] *Id.* at 897 n. 3.

Our review of the brief in support of appellate counsel's motion to withdraw discloses a comprehensive analysis of both grounds upon which Pfau's ineffective assistance of counsel claims are based. In each instance counsel concluded Pfau could not establish the requisite prejudice necessary for reversal of his conviction. Reference to Pfau's resistance to dismissal of his direct appeal indicates that his only claim of ineffective assistance of counsel concerned trial counsel's pretrial performance. Because Pfau's resistance fails to raise the grounds for postconviction relief upon which he now relies, we believe *Bugley* precludes their consideration in subsequent postconviction relief proceedings. Although the postconviction court declined to address this issue in its ruling, we are not precluded from affirming on that basis. *See State v. Vincik,* 436 N.W.2d 350, 354 (Iowa 1989) (noting district court ruling may be sustained on any grounds appearing in the record).

The judgment of the district court is affirmed.

**AFFIRMED.**

---

1. Iowa Code section 822.8 (1997) provides:

   All grounds for relief available to an applicant under this chapter must be raised in the applicant's original, supplemental or amended application. Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.