## IN THE COURT OF APPEALS OF IOWA

No. 14-0865
Filed June 10, 2015

**JEFFREY CLAY MORRIS JR.**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Scott County, Henry W. Latham II,
Judge.

Jeffrey Morris appeals from the district court's denial of his application for
postconviction relief. **AFFIRMED.**

Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney
General, Michael J. Walton, County Attorney, and Amy Devine, Assistant County
Attorney, for appellee.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, J.**

Jeffrey Morris appeals the district court's denial of his application for postconviction relief (PCR) claiming his trial counsel, appellate counsel, and PCR counsel provided ineffective assistance. In 2010, Morris was charged with robbery in the second-degree, in violation of Iowa Code sections 711.1 and 711.3 (2009), and using a minor to commit certain offenses, in violation of section 709A.6, as a habitual offender, in violation of section 902.8. After a jury trial, Morris was found guilty and sentenced. He appealed the conviction, which we affirmed.[1] In 2011 he filed an application for PCR, which the district court denied. He now appeals.

On appeal, Morris claims his trial counsel was ineffective for failing to file a motion to suppress Morris's arrest and police interview, and for failing in the investigation, cross-examination, and impeachment of State witnesses. He also claims his appellate counsel and PCR counsel were ineffective for failing to raise and prove trial counsel's ineffective assistance.

PCR proceedings are ordinarily reviewed for corrections of errors at law. *Bagley v. State*, 596 N.W.2d 893, 895 (Iowa 1999). To the extent Morris alleges ineffective assistance of counsel, a constitutional claim, our review is de novo. *See Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012).

An ineffective-assistance-of-counsel claim requires a demonstration of both ineffective assistance and prejudice. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

---

[1] *State v. Morris*, No. 10-376, 2011 WL 648285, (Iowa Ct. App. Feb. 23, 2011).

The ineffective-assistance prong requires proof the attorney performed below the standard demonstrated by a reasonably competent attorney as compared against prevailing professional norms. *Id.* There is a strong presumption the attorney performed their duties competently. *Id.* Once the applicant has shown ineffective assistance, they must also show the error caused prejudice. *Id.* at 143. The prejudice prong requires proof that, but for the ineffective assistance, "the result of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 694). The applicant must "show that counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* (citing *Strickland*, 466 U.S. at 693). Morris must prove both the "essential duty" and "prejudice" elements by a preponderance of the evidence. *Ennenga*, 812 N.W.2d at 701.

Concerning Morris's first and second claims, we agree with the district court's reasoning:

> In analyzing Mr. Morris's Application for Post-Conviction Relief, the Court has relied upon its review of the underlying criminal file, the pleadings in the postconviction file, and the testimony and arguments presented at the time of the hearing. From a review of the evidence presented, the Court cannot determine there has been a showing of ineffective assistance of counsel by Mr. Tucker during his representation of Mr. Morris at the time of trial. It is clear Mr. Tucker presented evidence to attack the credibility of not only the alleged victim in the case, but also the credibility of the juvenile who testified at the time of trial. The evidence clearly shows Mr. Tucker pushed the issue as he far as he could within the parameters of the Court's rulings on the Motion in Limine. All of the decisions made by Mr. Tucker in the representation of Mr. Morris were tactical decisions and those which were fully discussed with and approved by Mr. Morris. There was no basis for a motion to suppress the statement made by Mr. Morris and the introduction of the statement was trial strategy.
> The evidence presented established Attorney Tucker acted as a "reasonably competent practitioner" and made tactical decisions in the representation of Mr. Morris. These tactical

decisions do not rise to any level of ineffective assistance of counsel.

Concerning Morris's third claim (ineffective appellate and PCR counsels), upon our de novo review we find Morris has failed to demonstrate his appellate and PCR counsels acted in an ineffective manner that caused prejudice.

Pursuant to Iowa Court Rule 21.16(1)(a) and (c) we affirm the district court's denial of Morris's application for PCR.

**AFFIRMED.**