# IN THE COURT OF APPEALS OF IOWA

No. 14-0189
Filed March 23, 2016

**JOHN P. HEBERER,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Thomas G. Reidel, Judge.

John Heberer appeals the district court's dismissal of his application for postconviction relief. **AFFIRMED.**

Timothy J. Tupper of Tupper Law Firm, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Bower, P.J., McDonald, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, Senior Judge.**

John Heberer appeals the district court's dismissal of his application for postconviction relief. We review for correction of errors at law and affirm. *See Osborn v. State*, 573 N.W.2d 917, 920 (Iowa 1998).

Substantial evidence supports the following facts. In February 2006 Melisa Rollins and Heberer jointly manufactured methamphetamine in the bathroom of a room registered to Rollins at a hotel. They caused a fire that destroyed the bathroom and led to flames shooting out the windows. The State obtained a search warrant and searched the car registered to Heberer's brother in the hotel parking lot the day after the fire. The officers found items consistent with the manufacturing of methamphetamine in the trunk of the car. Rollins entered into a plea agreement with the State and testified against Heberer at his jury trial in August 2006. The jury viewed the hotel's surveillance tape of the lobby area, which placed Rollins and Heberer at the hotel on the day of and the day before the fire. Heberer was convicted and sentenced on three counts: manufacturing less than five grams of methamphetamine, arson in the first degree, and possession of explosive or incendiary material or devices.

Heberer appealed his convictions. The appellate defender's office sought to withdraw as counsel, contending the appeal was frivolous, and filed a brief analyzing the potential appellate issues. After Heberer contested the withdrawal, our supreme court reviewed the record and dismissed his direct appeal as frivolous in February 2008.

Heberer filed an amended pro se application for postconviction relief (PCR), raising four issues. He first claimed the district court erred in failing to

grant his motions for judgment of acquittal because the evidence was insufficient on the charges of manufacturing a controlled substance and first-degree arson. Heberer's third challenge was to the court's denial of his motion to suppress the evidence in the trunk of his brother's car. The above claims were alternatively raised under the rubric of ineffective assistance of appellant counsel if error had not been preserved. Heberer's final two postconviction claims asserted trial counsel rendered ineffective assistance by (1) failing to object to prosecutorial misconduct resulting from the statements the prosecutor made during closing arguments, and (2) failing to (a) renew the objection to the admission of the hotel's surveillance tape and (b) object to expert-opinion testimony concerning the cause the fire.

Heberer and his PCR counsel appeared at the hearing on his application. PCR counsel informed the court: "Mr. Heberer and I have had discussions. He's indicated a desire to not testify today." The court established a briefing schedule and adjourned the hearing. The court denied Heberer's application in January 2014.

Heberer now appeals the PCR court's dismissal of his claims and raises two issues: (1) the PCR court erred in failing to reverse his manufacturing conviction on sufficiency grounds "when the State failed to produce any methamphetamine at trial" and (2) the PCR court erred in failing to reverse his conviction "when the trial court failed to suppress the search of the vehicle." In response, the State filed a motion to affirm, asserting Heberer had raised only issues that had been "raised, considered, and decided on direct appeal."

Heberer resisted the State's motion. The supreme court denied the State's motion and ordered the State to file its proof brief, stating in relevant part:

> [A] dismissal under the frivolous appeal rule is not an adjudication for the purposes of postconviction relief." *Bugley v. State*, 596 N.W.2d 893, 896 (Iowa 1999), *superseded on other grounds by statute*, 2004 Iowa Acts ch. 1017, § 2, *as recognized in State v. Johnson*, 784 N. W.2d 192, 197 (Iowa 2010); *see also Stanford v. Iowa State Reformatory*, 279 N.W.2d 28, 33-34 (Iowa 1979); *State v. Boge*, 252 N.W.2d 411, 413 (Iowa 1977).

Preliminarily and based on the supreme court's order, we find no merit to the State's contention Heberer is "not permitted to re-raise and re-litigate the issues his counsel on direct appeal raised in counsel's brief supporting withdrawal from an allegedly frivolous appeal." *See Stanford v. Iowa State Reformatory*, 279 N.W.2d 28, 33-34 (Iowa 1979) (holding PCR applicant was not barred by prior, resisted frivolous-appeal dismissal from presenting grounds for relief for first time); *Redding v. State*, 274 N.W.2d 315, 317 (Iowa 1979) ("Failure to appeal bars relief in a postconviction action . . . only as to factual and legal contentions which the postconviction applicant . . . deliberately and inexcusably failed to pursue on appeal."); *Bugley*, 596 N.W.2d at 896 (stating where defendant resisted dismissal under the frivolous-dismissal rule, barring defendant from raising those issues in postconviction relief "would impermissibly permit counsel to waive the grounds for postconviction relief contrary to the desires of the client").

As to Heberer's PCR challenges to the sufficiency of the evidence and the court's failure to suppress evidence, the PCR court summarily ruled Heberer had "provided the court with no reason to reevaluate" the supreme court's determination the issues were frivolous. We view the PCR court's ruling as

having considered and ruled on the merits of the issues, and after reviewing the record, we agree with the PCR court's denial of relief. *See Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012) ("If the court's ruling indicates that the court *considered* the issue and necessarily ruled on it, even if the court's reasoning is 'incomplete or sparse,' the issue has been preserved.").

Heberer chose not to present testimony at the PCR hearing, claiming in his appellate brief the evidence at trial was insufficient because the State failed to produce any methamphetamine at trial. "Evidence is considered substantial if, viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *State v. Nitcher*, 720 N.W.2d 547, 556 (Iowa 2006). Because the record, viewed in the light most favorable to the State, shows sufficient evidence (1) in the testimony of Rollins, who told the jury she and Heberer made fifteen grams of methamphetamine, and (2) in the testimony of the investigator, who used an inverse yield to calculate the amount of methamphetamine Rollins and Heberer could have manufactured, the PCR court did not err in rejecting Heberer's sufficiency challenge.

As to his suppression challenge, Heberer contends the warrant was invalid because (1) the supporting affidavit was not based on the officer's personal knowledge and (2) the officer had no reason to believe Rollins's statements in support of the warrant were reliable. However, these appellate challenges go to the merits of issuing the warrant, a matter relevant only if Heberer had some possessory interest in the vehicle so as to have the necessary standing to attack the warrant. After the suppression hearing, the district court found Heberer had no standing or possessory interest to attack the

search warrant—Heberer was not the registered owner of the car and Heberer was not a registered guest at the hotel. *See Nitcher*, 720 N.W.2d at 554 (discussing a defendant's expectation of privacy). After our review of the record, we conclude the PCR court did not err in rejecting this claim.

Accordingly, we affirm the PCR court's dismissal of Heberer's application.

**AFFIRMED.**