# IN THE COURT OF APPEALS OF IOWA

No. 16-0243
Filed January 11, 2017

**HUBERT TODD, JR.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Black Hawk County, Jon C. Fister,

Judge.

A defendant appeals the denial of his application for postconviction relief.

**AFFIRMED.**

Joel A. Walker of Law Office of Joel Walker, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee State.

Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**POTTERFIELD, Judge.**

**I. Background Facts and Proceedings.**

On March 5, 2010, the State charged Hubert Todd with simple domestic assault, in violation of Iowa Code section 708.2A.2 (2009), and fifth-degree criminal mischief, in violation of Iowa Code section 716.6. At the initial court appearance on March 5, the court appointed the public defender's office to represent Todd; however, due to a conflict of interest, the public defender's office declined the appointment and a new attorney was appointed.

At the initial appearance, the court informed Todd that if he wished to invoke his right to a jury trial, he needed to do so within ten days of that date, which made the deadline March 15. Todd and his appointed counsel had their first consultation on March 17.

No jury demand was ever made, and Todd was convicted on both counts at a bench trial before a magistrate on October 29, 2010.[1] The court sentenced him to seven days in jail with all but two days suspended and ordered Todd to attend a batterer's education program.

Todd was granted discretionary review from the simple misdemeanor convictions and asserted an ineffective-assistance-of-counsel claim, alleging his counsel failed to advise him of his right to a jury trial and also alleging his attorney failed to file a jury demand despite Todd's claimed request for one. Our

---

[1] The record before us indicates Todd was convicted of fifth-degree criminal mischief; however, the opinion rendered in his appeal by discretionary review indicates the conviction was for third-degree criminal mischief, but also states the crime was a simple misdemeanor. *See State v. Todd*, No. 11-1958, 2014 WL 465822, at *1 (Iowa Ct. App. Feb. 5, 2014); *compare* Iowa Code § 716.5(2) ("Criminal mischief in the third degree is an aggravated misdeameanor."), *with* Iowa Code § 716.6(2) ("Criminal mischief in the fifth degree is a simple misdemeanor.").

court affirmed his conviction, finding sufficient evidence, and preserved his ineffective-assistance claim concerning the jury-trial demand for a possible postconviction relief (PCR) proceeding.

Todd then filed an application for PCR on August 7, 2015. He argued his trial counsel rendered ineffective assistance by failing to file a jury-trial demand prior to the deadline, thus depriving him of his right to trial by jury. Although he initially claimed he told his attorney he wanted a jury trial, at the PCR proceeding, he changed his position and indicated that he told someone at the public defender's office over the phone. The court found this testimony to be a "recent fabrication" and found Todd "never stated to anyone that he wanted a jury trial until after his conviction was on appeal and neither his trial attorney nor the public defender's office were ineffective for failing to demand one." Todd also conceded at the postconviction hearing that the magistrate advised him at his initial appearance of his right to a jury trial and the need to make a written demand.

Following the denial of his application, Todd appeals.

**II. Standard of Review.**

"Postconviction proceedings are law actions ordinarily reviewed for errors at law." *Bagley v. State*, 596 N.W.2d 893, 895 (Iowa 1999).

We review claims of ineffective assistance of counsel de novo. *See Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To prevail on a claim of ineffective assistance of counsel, Todd must prove by a preponderance of the evidence (1) his attorney failed to perform an essential duty and (2) prejudice resulted from the failure. *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa

2011). Todd's claim will fail if either element is lacking. *See State v. Ambrose*, 861 N.W.2d 550, 556 (Iowa 2015). Todd must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

**III. Discussion.**

In order to maintain a claim of ineffective assistance of counsel for postconviction review, an applicant must make a minimal showing by which this court can assess the viability of the claim. *See State v. Wagner*, 410 N.W.2d 207, 215 (Iowa 1987). Todd has not made any such showing here. He has not shown how a jury trial would have changed the resulting guilty verdict. *See id.*

Without proof he was prejudiced, Todd's claim cannot stand. *See Ambrose*, 861 N.W.2d at 556. Therefore, we need not consider the remaining element. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015) ("If we conclude a claimant has failed to establish either of these elements, we need not address the remaining element.").

Based on the foregoing, we affirm the district court's denial of Todd's application for PCR.

**AFFIRMED.**