# IN THE COURT OF APPEALS OF IOWA

No. 20-1264
Filed September 22, 2021

**DAVIN GRIFFIN,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Scott County, Tom Reidel, Judge.

Davin Griffin appeals the summary disposition of his application for postconviction relief. **AFFIRMED.**

Jane M. White of Gribble, Boles, Stewart & Witosky, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**MULLINS, Presiding Judge.**

Davin Griffin appeals the summary disposition of his application for postconviction relief (PCR). He argues, among other things, that advancements in DNA testing constitute newly discovered exculpatory evidence and destruction of evidence that allegedly could have proved his innocence does not moot the claim.

Griffin was convicted of burglary in the first degree and sexual abuse in the second degree in 1986 and was sentenced to prison. At that time, a physical exhibit was available for limited blood testing, which was inconclusive. Procedendo issued in 1989. In 2006, the Scott County Clerk of Court destroyed the physical evidence pursuant to a court order. A copy of the notice and a list of all defendants notified of the destruction on April 26, 2006, is in the record. However, no copy of the exact notice sent to Griffin is in the record. There is minimal evidence that an initial PCR application was filed in 1988, but there is nothing in the record to show the arguments raised or the outcome of that application. The present PCR application was initially filed in 2015.[1]

"Postconviction proceedings are law actions ordinarily reviewed for errors of law." *Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003) (quoting *Bugley v. State*, 596 N.W.2d 893, 895 (Iowa 1999)). Summary disposition is appropriate if "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Iowa Code § 822.6(3) (2015).

---

[1] Griffin also raised arguments relating to a motion to suppress evidence obtained during a search. They are not raised on appeal.

Iowa Code section 822.3 requires that PCR applications "be filed within three years from the date the conviction or decision is final." *Id.* § 822.3. But, the statute of limitations "does not apply to a ground of fact or law that could not have been raised within the applicable time period." *Id.* Griffin argues that the applicable "new ground of fact or law" is that advancements have been made in DNA testing that would be able to indicate that it was his identical twin brother (or someone else) who committed the crime and not Griffin.[2] This court had the opportunity to address a similar claim in 2018. *See Cannon v. State*, No. 17-0888, 2018 WL 2727723, at *1–2 (Iowa Ct. App. June 6, 2018). Like *Cannon,* "the question here is not whether the results of DNA testing of evidence existed [at the time of trial]; the question is whether the evidence could have been tested within that time period." *Id.* at *1. In this case, the DNA evidence existed at the time of trial, but the testing method did not. Even so, the technology did exist in 2006 when the evidence was destroyed. *See, e.g.*, *State v. Belken*, 633 N.W.2d 786, 798 (Iowa 2001). The evidence in the record establishes that notice of the destruction was sent. On our review of the record, it is apparent that Griffin has failed to present a new ground of fact or law to overcome the statute of limitations. *See* Iowa Code § 822.3.

Even if we were to bypass the time-bar issue and consider Griffin's argument that the original PCR counsel in 1988 provided him ineffective

---

[2] Griffin provided no expert witness to testify that if the DNA evidence was still available, testing would be able to differentiate between twins or that such differentiation testing is widely accepted in the scientific community. The two articles admitted into evidence as exhibits by Griffin indicate claims of advancements in such testing, but do not indicate wide acceptance in the scientific community.

assistance, he is unable to prove prejudice.  *See State v. Fountain*, 786 N.W.2d 260, 265–66 (Iowa 2010).  The testing he asks for today did not exist in 1988, and we will not find counsel ineffective for failing to raise a meritless issue.  *Id.* at 263.

**AFFIRMED.**