# IN THE COURT OF APPEALS OF IOWA

No. 21-0483
Filed March 30, 2022

**CHARLES HASSELMANN,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Jeanie Vaudt, Judge.

The applicant appeals summary dismissal of his application for postconviction relief. **REVERSED AND REMANDED.**

Christine E. Branstad of Branstad & Olson Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee State.

Considered by Tabor, P.J., and Greer and Ahlers, JJ.

**TABOR, Presiding Judge.**

The district court dismissed Charles Hasselmann's second postconviction-relief (PCR) application, which challenged several theft and forgery offenses. The court decided Hasselmann did not have a "sufficient reason" under Iowa Code section 822.8 (2020) for failing to pursue the grounds for relief alleged in his first PCR application. Hasslemann dismissed that first action before the court decided his claims. He now attributes that dismissal to bad advice from his first PCR attorney. Assuming, as we must at this stage, that Hasselmann did receive faulty guidance in deciding to dismiss his first PCR action, we conclude he should have a chance to develop a record on that claim of ineffective assistance. Because dismissal of his second PCR application was premature, we reverse and remand for a full hearing.

## I. Facts and Prior Proceedings

In September 2017, Hasselmann waived his right to a jury and stipulated to the minutes of testimony. The court found him guilty of three counts of first-degree theft and four counts of forgery. He received an indeterminate sentence of fifteen years in prison. Hasselmann filed a direct appeal but dismissed it before it was decided.

In October 2018, he first applied for PCR, alleging defense attorney Thomas Crabb provided ineffective assistance of counsel.[1] A month later, the court

---

[1] Hasselmann's complaints about Crabb's performance were imprecise in his pro se application for PCR. As the State notes, he seemed "to claim his counsel misadvised him that a trial on the minutes was similar to an *Alford* plea, he possibly wanted to take a plea deal he ultimately did not take, and counsel failed to challenge adequately pre-trial bond." (Footnote omitted.)

appointed attorney Nicholas Einwalter to represent Hasselmann. The PCR trial was set for July 2019. A month before trial, Einwalter moved to continue asserting, "[S]ince the filing of this petition, [Hasselmann] has been released on parole and has not been in communication with this attorney." Einwalter asked for more time to discuss the matter with his client and prepare for trial. The court continued the case until November 2019.

One week before the new trial date, Einwalter again moved to continue. Counsel reported making "several attempts to locate [Hasselmann] during this matter by calling the probation office and calling a number provided by [Hasselmann's] other PCR counsel." But Hasselmann "didn't contact this attorney at any point in this case. . . . It was only recently that counsel learned that [Hasselmann] was no longer in the community, having been accused of violating his parole." Einwalter had not had contact with Hasselmann in a year and was "not prepared to prosecute this matter zealously."

The court denied the continuance, noting the matter was delayed before for the same reasons urged in the current motion. The court decided Hasselmann's failure to remain in contact with his counsel did not constitute good cause. The same day, the court cancelled the November trial after being advised that Hasselmann wished to dismiss his application. The court gave Hasselmann one month to file the dismissal. In December 2019, Hasselmann moved to dismiss the matter "without prejudice." The court granted the dismissal.

In September 2020, Hasselmann filed his second PCR application, raising the same allegations of ineffective assistance against attorney Crabb.[2] The court appointed attorney John Audlehelm to represent Hasselmann in the second PCR. The State moved for summary dismissal contending Iowa Code section 822.8 barred Hasselmann from litigating the identical claims dismissed in his first PCR action. Through counsel Audlehelm, Hasselman resisted, attributing his dismissal of the first PCR action to Einwalter's "incorrect legal advice" that he could refile the same claims in a second PCR action. The district court granted the State's motion to dismiss.

Hasselmann now appeals.

## II. Scope and Standards of Review

We review the summary disposition of Hasselmann's second PCR action for errors at law. *See Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018). To prevail, the State must meet the standards for summary judgment in a civil proceeding. *Id.* "A motion to dismiss should only be granted if the allegations in the petition, taken as true, could not entitle the plaintiff to any relief." *Sanchez v. State*, 692 N.W.2d 812, 816 (Iowa 2005).

We review ineffective-assistance-of-counsel claims de novo. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). To prevail on his ineffective-assistance claim, Hasselmann must prove that counsel failed in an essential duty and that prejudice resulted. *Id.* On the prejudice prong, Hasselman must show "a reasonable probability that, but for counsel's unprofessional errors, the result of

---

[2] Hasselmann's second PCR application was filed within the three-year statute of limitations under Iowa Code section 822.3.

the proceeding would have been different." *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).

### III. Analysis

"Grounds must be all-inclusive." That is the title of Iowa Code section 822.8. The statute describes that inclusivity as follows:

> All grounds for relief available to an applicant under this chapter must be raised in the applicant's original, supplemental or amended application. Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

Iowa Code § 822.8.

In moving to dismiss based on section 822.8, the State pointed to the district court's refusal to continue the first PCR trial. There the court reasoned that Hasselmann's failure to contact his attorney to help him prepare was not good cause for a second continuance. Rather than go forward with the scheduled trial, Hasselmann opted to dismiss his application. In the second PCR, the State argued: "The applicant cannot override the prior court's ruling by dismissing his application and refiling one with identical claims."

Resisting the motion to dismiss, second PCR counsel Audlehelm alleged that first PCR counsel Einwalter mistakenly advised Hasselmann that he could dismiss the first PCR action and refile a second PCR application raising the same claims. Audlehelm asserted that he anticipated "ultimately alleging ineffective assistance of counsel by Einwalter for misstating the law to Hasselmann." In

support of the resistance, Hasslemann filed an affidavit recounting Einwalter's faulty advice. Hasselman also noted that his motion to dismiss the first PCR professed to be "without prejudice."

At a hearing on its motion to dismiss, the State added:

the applicant cannot establish, even under these facts, that there's a sufficient reason that he did not pursue these claims in his original PCR action. He can't establish ineffective assistance of counsel, even if we accept his facts as true, because there is no evidence of any sort of prejudice that resulted from Mr. Einwalter's advice to him.

In the State's view, Hasselmann "waived" the claims in the dismissed application.[3]

Attorney Audlehelm countered that Iowa law contemplated that a second PCR case may be based on the ineffective assistance of counsel of the first PCR attorney. He cited *Allison v. State*, which noted that section 822.8's requirement that grounds be all-inclusive "may be avoided if counsel ineffectively fails to comply." 914 N.W.2d 866, 888 (Iowa 2018). And he urged that further record needed to be developed to determine whether attorney Einwalter provided ineffective assistance of counsel.

The district court adopted the State's argument on prejudice. The court decided that the "uncontested evidence" did not show "a reasonable probability that Mr. Hasselmann would have proceeded to hearing in the first PCR action and obtained a more favorable result had his PCR counsel not misadvised him."

---

[3] The State presented no authority here or before the PCR court that voluntarily dismissing claims in a PCR application constitutes a "waiver" under section 822.8. All parties have proceeded as though the voluntary dismissal had that preclusive effect, and so do we, but only because Hasselmann has not challenged that interpretation at any point.

On appeal, Hasselmann challenges that decision from two angles.  First, he argues Einwalter's advice about his ability to refile his PCR action fell below professional norms and led to the dismissal of his application without an adjudication on the merits.  Second, Hasselmann argues that he did not "knowingly, voluntarily, and intelligently waive" the issues raised in the first PCR because he was not aware the "voluntary dismissal" would be "tantamount to abandoning his claims."

In response to the first argument, the State contends that it was not enough for attorney Audlehelm to allege attorney Einwalter's ineffectiveness in resisting the State's motion to dismiss.  According to the State, Audlehelm needed to amend the PCR application to add that allegation.  Yet the State then defends the district court's decision finding that Hasselmann's claim that Einwalter was ineffective fails for lack of *Strickland* prejudice.  In that defense, the State asserts Hasselmann "failed to allege or show what he would have proven at a trial on his first PCR application—especially given counsel's unpreparedness—and how that would have yielded a different, more favorable result."  As for Hasselmann's second argument, the State contends he failed to preserve error because he did not raise the knowing and voluntary nature of his waiver in the district court.

In reply, Hasselmann disputes the State's articulation of the prejudice standard.  He argues he did not need to prove he would have prevailed at the PCR trial.  In his view, it is enough to show he would have "received a hearing on his claims had he received proper legal advice."  At that hearing, according to appellate counsel, Hasselmann "could have testified" and produced evidence to support his claims that defense counsel Crabb was ineffective in the criminal case.

To address the State's error preservation challenge, Hasselmann alleges for the first time in his reply brief that attorney Audlehelm was ineffective in his representation during the second PCR action.

After wading through these multi-layered arguments, we find it best to revisit the language of the relevant statute. Here's how the State describes the inclusivity provision: "Iowa Code section 822.8 prevents PCR applicants from raising issues in a second PCR application that they could have raised in their first application absent 'sufficient reason.'" But that description oversimplifies the structure of the statute. Section 822.8 starts by cautioning against piecemeal applications: "All grounds for relief available to an applicant under this chapter must be raised in the applicant's original, supplemental or amended application." In its second sentence, the statute sets out three categories that may not be the basis of a subsequent application: (1) grounds finally adjudicated, (2) ground not raised, or (3) grounds knowingly, voluntarily, and intelligently waived (as applicable here) in another proceeding that applicant has taken to secure relief. Iowa Code § 822.8. The first category is not in play because Hasselmann's claims were never adjudicated. The second category is also aimed at a different situation—where a subsequent application urges grounds that could have been raised in the original application. The State is not moving to dismiss based on grounds *not raised* in his original application. Indeed, in moving to dismiss the second PCR application, the State emphasized the issues were "already raised in the first PCR case."

So only the third category could prevent Hasselmann from refiling his application. Indeed, the county attorney invoked the "waiver" terminology at the hearing on the State's motion to dismiss. Attorney Audlehelm responded that

Hasselmann would meet that "waiver" accusation by "making an ineffective-assistance-of-counsel claim." Processing those arguments, the district court agreed with the State's analysis that section 822.8 procedurally barred Hasselmann's second PCR application because he "waived" those claims by voluntarily dismissing his first PCR action. *See Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012) ("If the court's ruling indicates that the court *considered* the issue and necessarily ruled on it, even if the court's reasoning is 'incomplete or sparse,' the issue has been preserved." (citation omitted)). Waiver was the fighting ground. So we can reject the State's error preservation claim without reaching the effectiveness of Audlehelm's representation.

Returning to the statute, the last clause provides an exception to the procedural bar if the court finds "a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application." Iowa Code § 822.8. The parties and the district court assume that this "sufficient reason" exception applies to when an applicant adequately raised the grounds for relief in the original application but "waived" those grounds by voluntarily dismissing the application. We disagree. The last clause does not mention grounds that are knowingly, voluntarily, and intelligently waived. *See Bugley v. State*, 596 N.W.2d 893, 897 (Iowa 1999) (holding that "sufficient reason" exception applies only to the second situation involving grounds "not raised"), *superseded by statute on other grounds as stated in Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018). But even if the "sufficient ground" exception does not apply here, ineffective assistance of first PCR counsel could prevent Hasselmann's waiver of his claims from being knowing, voluntary, and intelligent.

Which brings us to the prejudice standard. Hasselmann's claim of ineffective assistance against attorney Einwalter is "not the basis for relief from conviction" but a "proffered excuse" for not having pursued his first PCR application. *See Arnold v. State*, 540 N.W.2d 243, 246 (Iowa 1995). In that context, he must show that Einwalter acted "below the range of normal competency" and that those actions closed the door on an avenue of relief. *See id.*; *see also Ledezma v. State*, 626 N.W.2d 134, 152 (Iowa 2001) (finding appellate counsel prejudiced client by not bringing claim on direct appeal). Only if Hasselman can get his foot in that door, can he show he was prejudiced by Crabb's performance in the criminal case. As Audlehelm argued,

> [I]f it's a case based on the State being entitled to a dismissal based on Hasselmann's waiver of these claims because of his dismissal of the previous case, then essentially I'd ultimately be making an ineffective assistance of counsel claim and essentially bootstrapping all the old claims back into existence, which also is a separate point.

But Audlehelm did not have a chance to litigate that separate point. Without an evidentiary hearing, the district court decided Hasselmann could not show that but for Einwalter's advice on the voluntary dismissal, he would have gone forward with the scheduled PCR trial and obtained a favorable result. But the record is inadequate to support that decision. Hasselmann's affidavit raised an issue of material fact about Einwalter's performance. So summary disposition of Hasselman's second PCR application was not appropriate. "[W]e conclude the most prudent thing to do is to send this case back for a hearing." *See Stigler v. State*, No. 05-0998, 2006 WL 1278754, at *4 (Iowa Ct App. May 10, 2006). We reverse the district court and remand for a full PCR hearing.

**REVERSED AND REMANDED.**