# IN THE COURT OF APPEALS OF IOWA

———————————

No. 24-1926
Filed March 11, 2026

———————————

**Brandon Gerard Hatchett,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

———————————

Appeal from the Iowa District Court for Linn County,
The Honorable David M. Cox, Judge.

———————————

**AFFIRMED**

———————————

Des C. Leehey of Cameron Leehey Law Firm, PLLC, Cedar Rapids,
attorney for appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Buller, P.J., Langholz, J., and Bower, S.J.
Opinion by Buller, P.J.

**BULLER, Presiding Judge.**

Brandon Hatchett appeals from the dismissal of his second application for postconviction relief. He argues he had newly discovered evidence of actual innocence that warranted bypassing the statute of limitations and piecemeal-litigation bar codified at Iowa Code section 822.8 (2021). After resolving two pending appellate motions, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

In September 2007, Hatchett and his paramour got into an argument during which he struck her, and he later forced her to perform anal and oral sex against her will. The next day, after he struck her again, the paramour told police and a sexual assault nurse examiner that Hatchett sexually assaulted her. The county attorney charged Hatchett by trial information with sexual abuse in the third degree. In December, Hatchett entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970), conceding the strength of the State's evidence but not admitting guilt. He was sentenced to prison.

Hatchett filed a first application for postconviction relief in 2017. The district court denied relief, and we affirmed—finding no error in the district court allowing Hatchett to represent himself in his postconviction proceedings, as he requested. *See Hatchett v. State*, No. 18-1485, 2021 WL 593208, at *3 (Iowa Ct. App. Feb. 3, 2021). Among other claims finally disposed of in this case—and not appealed—was Hatchett's contention he was actually innocent, citing *Schmidt v. State*, 909 N.W.2d 778, 790, 795 (Iowa 2018) (allowing freestanding actual-innocence claims despite pleading guilty).

A few weeks after we decided the appeal of his first application, Hatchett filed this second application for postconviction relief. He now

challenges whether he was competent to enter the plea and again urges he was actually innocent. The State argued the claims were barred by the statute of limitations and the bar on piecemeal litigation and, in any event, were meritless. The district court found the application untimely and independently prohibited by the bar on piecemeal litigation. Hatchett appeals, urging his actual-innocence claim was not barred because he has newly discovered evidence.

## REQUEST FOR JUDICIAL NOTICE AND MOTION TO STRIKE REPLY BRIEF

Before reaching the merits, we address a procedural issue the supreme court left unresolved. While in the briefing stage of this appeal, Hatchett moved for judicial notice of various "facts" from the leading psychiatric disorder diagnosis manual. *See* Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* (5th ed., text rev. 2022) [hereinafter DSM-V-TR]. In doing so, he attached a PDF copy of the entire manual.[1] Without waiting for a ruling, he filed a reply brief quoting extensively from the section about schizophrenia. The State resisted the motion for judicial notice and moved to strike the reply brief, urging that the DSM-V-TR is outside the record on appeal as defined by Iowa Rule of Appellate Procedure 6.801 and would improperly invite us to rule based on information that was not before the district court. The State also argued that raising this issue by reply brief came too late. *Cf. Villa Magana v. State*, 908 N.W.2d 255, 260 (Iowa 2018) ("Generally, we will not consider issues raised for the first time in a reply brief."). The supreme court ordered the request for judicial

---

[1] We express no opinion on the propriety of doing so, including copyright implications.

notice and the motion to strike be submitted with the appeal, which they then transferred to us.

We find Hatchett's request for judicial notice is an attempt to inject outside-the-record material into this appeal, essentially urging we should reverse the district court on information that was never before it. We deny the motion for judicial notice and grant the motion to strike the reply brief. To the extent any of Hatchett's reply argument—that certain facts about schizophrenia somehow render the procedural bars discussed in this opinion inapplicable—survive striking his reply brief, that claim was not litigated below, error was not preserved, and we have no ruling to review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

## DISCUSSION

Hatchett argues the district court erred in finding his application barred by either or both the statute of limitations and the bar on piecemeal litigation. We review these questions for correction of errors at law. *Goode v. State*, 920 N.W.2d 520, 523 (Iowa 2018). To the extent the underlying actual-innocence claim involves a constitutional question, we review de novo. *Dewberry v. State*, 941 N.W.2d 1, 4 (Iowa 2019).

Both our court and the supreme court have held the freestanding actual-innocence claim afforded by the Iowa Constitution is subject to the procedural limitations of chapter 822, including the statute of limitations and piecemeal-litigation bar. *Id.* at 5; *Quinn v. State*, 954 N.W.2d 75, 77 (Iowa Ct. App. 2020) (collecting cases). We therefore reject outright Hatchett's contention "the statute of limitations relating to [postconviction-relief] applications does not restrict actual innocence claims."

4

As applied to Hatchett, we think the relevant question on appeal is: Does he have any newly discovered evidence that he could not have discovered before the statute of limitations expired or litigation of his first postconviction case was completed?[2] As we understand it, the two newly discovered "facts" he urged below were that he believed the sex acts were consensual and that he was diagnosed with paranoid schizophrenia as late as 2014.[3] We agree with the district court that neither fact was newly discovered or otherwise permitted this second postconviction application to go forward.

First, as to Hatchett's belief the sex acts were consensual, this information was clearly known to him at the time he pled guilty—well before the statute of limitations expired in 2010 or he finished litigating his first postconviction case in 2021. Hatchett admitted as much when he testified in this postconviction action, and we understand his belief regarding consent to be why he insisted on an *Alford* plea rather than admit guilt in 2007. This allegedly new fact is not new at all, and that claim is a non-starter.

Second, his diagnosis, even if made as late as 2014, was still known well before his first postconviction case was litigated. Giving Hatchett every benefit of the doubt—and running the clock from December 31, 2014—the statute of limitations to litigate that issue expired no later than 2017. *See Schwebke v. State*, No. 22-0782, 2023 WL 5607150, at *4 (Iowa Ct. App. Aug. 30, 2023) (collecting cases for the proposition that the three-year clock for a new-ground-of-fact claim begins running when the fact was discovered

---

[2] We use the completion date of his first postconviction case as our cut-off date, rather than three years from the date his conviction was final, because it incorporates the piecemeal-litigation bar by requiring the evidence be discovered after his first actual-innocence claim concluded. This math is also more beneficial to Hatchett.

[3] There is some dispute over the exact date, but the latest date of diagnosis put forward by Hatchett is 2014.

or should have been discovered with due diligence). This 2021 postconviction case comes years too late.

Last, in addition to the portion of this analysis that turns on timing and discovery of facts, we could independently affirm because Hatchett raised an actual-innocence claim on a similar if not identical basis in his first postconviction case, and that case was dismissed with prejudice. Iowa Code section 822.8 bars the piecemeal litigation of claims, enforcing finality of grounds that were or could have been fully adjudicated on direct appeal or in previous postconviction litigation. There is a "sufficient reason" exception, but it only applies to grounds not raised; it does not apply to grounds actually raised. *Bugley v. State*, 596 N.W.2d 893, 897 (Iowa 1999). Here, Hatchett raised an actual-innocence claim in his first postconviction action, and it was finally adjudicated adversely to him. He cannot file a new postconviction application raising the same claim, which is in essence what he attempts to do here.

**AFFIRMED.**