Paul G. POULIN, Jr., Appellant,

v.

STATE of Iowa, Appellee.

No. 93–768.

Supreme Court of Iowa.

Dec. 21, 1994.

Linda Del Gallo, State Appellate Defender, and Patricia Reynolds Lapointe, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas G. Fisher, Jr., Asst. Atty. Gen., and Michael L. Zenor, County Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, LAVORATO, ANDREASEN, and TERNUS, JJ.

ANDREASEN, Justice.

This is an appeal from the summary dismissal of a postconviction relief application. We must decide if the trial court is required to schedule a hearing and give notice of the hearing to the applicant before granting a motion to dismiss filed by the applicant's court-appointed counsel. The trial court granted the motion without hearing or notice. We reverse and remand.

I. *Background.*

In December 1990 Paul G. Poulin, Jr. was charged with two class D felonies, possession of marijuana with intent to deliver and failure to affix a drug tax stamp. Pursuant to a plea bargain, Poulin pled guilty to the drug tax stamp offense and the possession of marijuana offense was dismissed. In May 1991 he was sentenced to serve an indeterminate five-year sentence on the drug tax stamp offense. The court then suspended the sentence and placed Poulin on probation.

Approximately one year later an application to revoke Poulin's probation was filed and a revocation hearing was ordered. Following the hearing, the district court found Poulin had violated the terms of his probation, revoked his probation, and required that he serve the sentence imposed.

On January 29, 1993 Poulin filed an application for postconviction relief alleging his probation had been unlawfully revoked. After the State had filed an answer to the application and Poulin had filed an affidavit of indigency, the court appointed John Sandy as his attorney.

On April 13, 1993 attorney Sandy presented to the court a motion to dismiss the postconviction relief action. In the motion Sandy stated he had fully investigated the allegations of the application and that further pursuit of the action would be frivolous. The motion, together with the court's order dismissing the action and discharging Sandy as attorney, was filed on April 15. Timely appeal was taken.

On appeal Poulin urges the court erred in dismissing his application without hearing or notice and an opportunity to respond. Because Poulin did not claim Sandy was ineffective in conducting his investigation, the State argues counsel is presumed to be effective and therefore the trial court could rule upon the motion to dismiss without further notice or hearing. The State suggests a hearing on the motion would serve no purpose because the motion to dismiss was made by the applicant.

## II. *Notice and Hearing.*

■ Iowa adopted the Uniform Postconviction Procedure Act in 1970. 1970 Iowa Acts ch. 1276. The Act was contained in chapter 663A of the Code until transferred to chapter 822 in 1993. Although the postconviction proceeding is a civil action, an indigent applicant is entitled to legal services and the payment of court costs. Iowa Code § 822.5 (1993).

Normally an application for postconviction relief will be set for hearing, proof will be received at the hearing, and, after completing the hearing, the court will make specific findings and conclusions of law and then enter an appropriate order. Iowa Code § 822.7. However, two statutory methods for summary disposition of postconviction relief applications are provided in Iowa Code section 822.6.

"The first method allows for summary disposition on the court's initiative and the applicant is foundationally entitled to notice of the court's intention to dismiss the application and its reasons for dismissal." *Hines v. State,* 288 N.W.2d 344, 346 (Iowa 1980). The applicant is to be given an opportunity to respond prior to final disposition. *Id.*

■ The second method allows summary disposition on the motion of either party. *Id.* The relevant language employed in section 822.6 is comparable to Iowa Rule of Civil Procedure 237 relating to summary judgments. *See State v. Mulqueen,* 188 N.W.2d 360, 367 (Iowa 1971). The principles underlying our summary judgment procedure also apply to summary dispositions under the postconviction procedures. *Boge v. State,* 309 N.W.2d 428, 430 (Iowa 1981). Under the procedural rules of summary judgment, the court must set the motion for hearing and both parties are then given an opportunity to resist and argue the motion. We have recognized it is error for the court not to set for hearing a state's motion to dismiss an application for postconviction relief. *Hines,* 288 N.W.2d at 346–47; *Chartier v. State,* 223 N.W.2d 255, 257 (Iowa 1974); *Mulqueen,* 188 N.W.2d at 368. The State urges these cases have no application because the applicant, not the State, filed the motion to dismiss.

In *Brewer v. State,* 446 N.W.2d 803 (Iowa 1989), both the state and the applicant requested summary disposition in a postconviction relief action. We reversed because the court dismissed the case on a ground not raised by the state. *Id.* at 805. Here, the motion to dismiss was not filed by the State but by Sandy, the court-appointed attorney for the applicant.

■ In many respects the motion to dismiss filed by Sandy is like a motion to withdraw under Iowa Appellate Rule 104. Under this rule counsel appointed to represent an indigent defendant in an appeal may move to withdraw if counsel is convinced, after conscientious investigation, that the appeal is frivolous. However, under rule 104 counsel must advise his or her client in writing of counsel's intent to file a motion to withdraw and provide the client with a copy of the motion and

brief. Under the rule the client is advised of his or her right to communicate with the supreme court within thirty days of receiving counsel's letter and to raise any point he or she chooses. The supreme court then proceeds, after a full examination of all the record, to decide if the appeal is frivolous.

 Although Sandy stated in the motion to dismiss that he had personal contact by telephone with Poulin, he did not suggest that he advised Poulin of his intent to file a motion to dismiss. Sandy's motion was filed against the wishes and desires of his client. As we have noted

> [t]he common thread which runs through paragraphs two and three of section 663A.6 is that of protecting the applicant from having his application dismissed by the court without an opportunity to resist in some manner, either at hearing before the court or through an opportunity to reply to a court-proposed dismissal.

*Hines*, 288 N.W.2d at 346. Here, Poulin was denied the opportunity to resist counsel's motion. The trial court did not have authority to grant counsel's motion to dismiss. We reverse and remand for hearing. If the parties or the court wish to proceed by summary disposition, the motion should be set by the court for hearing or nonoral submission and notice given to Poulin. *See* Iowa R.Civ.P. 237(c). Applying the principles of summary judgment, the court shall render its ruling on the motion to dismiss upon the pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits on file. Otherwise, the application for postconviction relief should be heard as provided by section 822.7.

**REVERSED AND REMANDED.**