# IN THE COURT OF APPEALS OF IOWA

No. 19-1465
Filed April 15, 2020

**DARNELL DEMERY,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, David F. Staudt, Judge.

Darnell Demery appeals the summary disposition of his application for postconviction relief. **AFFIRMED.**

Michael H. Johnson, Spirit Lake, for appellant.

Thomas J. Miller, Attorney General, and Benjamin Parrott, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**MULLINS, Judge.**

In 2010, Darnell Demery was convicted of several crimes; his convictions were affirmed by this court on direct appeal. *See generally State v. Demery*, No. 10-1158, 2011 WL 3925714 (Iowa Ct. App. Sept. 8, 2011). Procedendo issued in December 2011. He filed his first application for postconviction relief (PCR) in January 2012, the August 2013 denial of which was also affirmed by this court on appeal. *See generally Demery v. State*, No. 13-1449, 2015 WL 5968609 (Iowa Ct. App. Oct. 14, 2015). Procedendo from that appeal issued in early December 2015. Demery filed his second application for PCR in late December 2018, generally alleging ineffective assistance of PCR counsel and forwarding a claim of actual innocence under *Schmidt v. State*, 909 N.W.2d 778 (Iowa 2018).[1] The State moved for summary disposition, arguing the application was untimely and Demery could not claim actual innocence because he did not plead guilty. At the ensuing hearing, Demery argued our supreme court's ruling in *Allison v. State*, 914 N.W.2d 866 (Iowa 2018), which was decided roughly six months before Demery's PCR application was filed, amounted to a new ground of law sufficient to toll the statute of limitations. The court ultimately entered an order granting the State's motion for summary disposition, concluding Demery's application was not promptly filed, as required by *Allison*. The court did not reach the actual-innocence claim.

Demery appeals. He echoes his claims of ineffective assistance of PCR counsel and claims his second application was promptly filed and should not have

---

[1] In the appeal from the first PCR proceeding, the State agreed PCR counsel failed to perform essential duties, but we concluded Demery could not prevail on the prejudice prong of his claim because "[a]s the PCR court noted, the evidence of Demery's guilt 'is simply overwhelming.'" *Demery*, 2015 WL 5968609, at *3–4.

been disposed of. He argues his application was promptly filed following the *Allison* decision and he should therefore be excepted from the limitations period contained in Iowa Code § 822.3 (2018).

Appellate review of summary-disposition rulings in a PCR proceeding is for legal error. *Schmidt*, 909 N.W.2d at 784. Summary disposition is appropriate if "there is no genuine issue of material fact and . . . the moving party is entitled to a judgment as a matter of law." *Id.* (ellipsis in original) (quoting *Davis v. State*, 520 N.W.2d 319, 321 (Iowa Ct. App. 1994)); *see also* Iowa R. Civ. P. 1.981(3). The record is viewed "in the light most favorable to the nonmoving party" and we "draw all legitimate inferences from the evidence in favor of the nonmoving party." *Schmidt*, 909 N.W.2d at 784.

PCR applications "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3. "However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." *Id.* Under former law, ineffective assistance of PCR counsel could not "serve as an exception to the three-year statute of limitations" and allow for the filing of a second PCR application outside of the limitations period. *See Dible v. State*, 557 N.W.2d 881, 886 (Iowa 1996), *abrogated on other grounds by Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003). In 2018, the supreme court ruled:

> [W]here a PCR petition alleging ineffective assistance of trial counsel has been timely filed . . . and there is a successive PCR petition alleging [PCR] counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR

> petition . . . if the successive PCR petition is filed *promptly* after the conclusion of the first PCR action.

*Allison*, 914 N.W.2d at 891 (emphasis added).[2] As noted, Demery's position is that if an application was filed promptly after the *Allison* decision, then it is not barred by the statute of limitations. Assuming without deciding that is true, Demery filed his second application more than six months after *Allison* was decided, and this court has already concluded six months "does not fit the definition of prompt" for purposes of the *Allison* decision.[3] *Polk v. State*, No. 18-0309, 2019 WL 3945964, at *2 (Iowa Ct. App. Aug. 21, 2019).

Demery goes on to argue the court erred in summarily disposing of his application as to his claim of actual innocence under *Schmidt*. The court did not rule on his claim of actual innocence, and there is nothing in the record indicating the court even considered the argument. The argument was therefore not preserved for our review. *See Meier*, 641 N.W.2d at 537; *see also Stammeyer v. Div. of Narcotics Enforcement*, 721 N.W.2d 541, 548 (Iowa 2006) (finding an argument not preserved for appeal when there was "nothing indicating the court ruled upon or even considered [it]"). The proper procedure to preserve error was

---

[2] We note our recognition of recent legislation, effective July 1, 2019, arguably superseding *Allison* outright by amending section 822.3 to provide: "An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods." 2019 Iowa Acts ch. 140 § 34. Because we reject Demery's *Allison* claims, we need not decide whether the amendment is retroactive.

[3] To the extent Demery raises implicit constitutional claims concerning due process and equal protection, they are not preserved, as they were neither raised in, nor decided by, the district court. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

to file a motion raising the court's failure to decide the issue prior to appealing. *See Lamasters v. State*, 821 N.W.2d 856, 863 (Iowa 2012).

In any event, *Schmidt* only really changed or clarified the law as to PCR applicants who pled guilty. *See* 909 N.W.2d at 790 (overruling prior "cases that do not allow defendants to attack their pleas based on extrinsic grounds when they claim actual innocence"). Individuals convicted of public offenses by ways other than a plea of guilty, such as Demery, have long been allowed to attempt to prove their actual innocence under chapter 822, and previously chapter 663A. *See generally* 1970 Iowa Acts ch. 1276, §§ 1–11 (enacting PCR procedure); *see also Poulin v. State*, 525 N.W.2d 815, 816 (Iowa 1994) (noting chapter 663A was transferred to chapter 822 by the code editors in 1993). The information Demery cites in support of his actual-innocence claim was available to him within the limitations and does not serve as a new ground of fact to toll the statute of limitations, or newly discovered evidence.

We affirm the summary disposition of Demery's PCR application.

**AFFIRMED.**