# IN THE COURT OF APPEALS OF IOWA

No. 21-0386
Filed December 15, 2021

**DANIEL JOSEPH POOLE,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Jasper County, Brad McCall, Judge.

Daniel Poole appeals the grant of summary judgment dismissing his postconviction-relief action. **AFFIRMED.**

John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee State.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**MAY, Judge.**

Daniel Poole pled guilty to two felony drug crimes. He was sentenced accordingly. Later, Poole commenced this postconviction-relief (PCR) action. He alleged trial counsel was ineffective for five reasons. The State filed a motion for summary judgment. Poole filed a resistance. He also requested a hearing. The district court granted the State's motion without a hearing. Poole appeals.

On appeal, Poole's only argument is procedural. He claims the district court erred by granting summary judgment without a hearing.[1] For support, Poole cites *Poulin v. State*. 525 N.W.2d 815, 816 (Iowa 1994).

In *Poulin*, the applicant's *own attorney* filed a motion to dismiss "against the wishes and desires" of the applicant. *Id.* at 817. The very same day, the court filed an "order dismissing the action." *Id.* at 816.[2] The applicant "was denied the opportunity to resist counsel's motion." *Id.* at 817. So, our supreme court held, "the trial court did not have authority to grant counsel's motion to dismiss." *Id.*

This case is quite different. Here, it was the State—not Poole's attorney—who filed a motion for summary judgment. And Poole had a full opportunity to resist the motion. Indeed, Poole's attorney actually filed a resistance on Poole's behalf. So this case is almost the opposite of *Poulin*.

In any event, *Poulin* explicitly recognized that—when a PCR applicant *has been* given proper notice and opportunity to resist—the district court may grant a

---

[1] Our review is "for correction of errors at law." *See Rieder v. Segal*, 959 N.W.2d 423, 425 (Iowa 2021).

[2] The attorney "presented" the motion "to the court" on "April, 13, 1993." *Poulin*, 525 N.W.2d at 816. "The motion, together with the court's order dismissing the action and discharging [counsel] as attorney, was filed on April 15." *Id.*

motion for summary disposition after a hearing "*or* nonoral submission." *Id.* (emphasis added) (citing Iowa. R. Civ. P. 237(c)).[3] This was consistent with the summary judgment rule in force at the time, then numbered as Iowa Rule of Civil Procedure 237, which expressly anticipated that summary judgment motions could be granted after *either* "hearing *or* nonoral submission." Iowa R. Civ. P. 237(c) (1993). Our current summary judgment rule, now numbered as rule 1.981, contains the same language. Iowa R. Civ. P. 1.981(3). And our cases plainly hold that "nothing prevents the trial court from reviewing the summary judgment motion and response thereto and ruling thereon without affording the parties a hearing." *Brown v. State*, 589 N.W.2d 273, 275 (Iowa Ct. App. 1998); *see, e.g.*, *Abdic v. State*, No. 18-0321, 2018 WL 6707752, at *1 (Iowa Ct. App. Dec. 19, 2018) (citing *Brown* and noting "[n]o hearing was held on the motion to dismiss, but no hearing was required").

Because a hearing was not required, the district court did not err by failing to hold one. We affirm.

**AFFIRMED.**

---

[3] We acknowledge that the *Poulin* court also said that "[u]nder the procedural rules of summary judgment, the court must set the motion for hearing and both parties are then given an opportunity to resist and argue the motion." *Poulin*, 525 N.W.2d at 816. Such statements may have been based on prior versions of our rules. *See State v. Poulson*, No. 11-1340, 2012 WL 1864790, at *1 (Iowa Ct. App. May 23, 2012) (suggesting *Poulin* "involve[d] a since-amended rule of civil procedure requiring hearings on summary judgment motions"); *Brockert v. State*, No. 11-0596, 2012 WL 150572, at *1 (Iowa Ct. App. Jan. 19, 2012) (same). In any event, we think *Poulin*'s core lesson is that the applicant must have "an opportunity to resist in some manner." *See* 525 N.W.2d at 817 (citation omitted). Poole had that opportunity and took advantage of it.