# In the Iowa Supreme Court

No. 24–1296

Submitted January 21, 2026—Filed February 27, 2026

**Cody Lee Smith,**

Appellant,

vs.

**State of Iowa,**

Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Woodbury County, Jeffrey A. Neary, judge.

An inmate seeks further review of a court of appeals decision affirming dismissal of his application for postconviction relief. **Decision of Court of Appeals Vacated; District Court Judgment Reversed and Case Remanded with Instructions.**

Mansfield, J., delivered the opinion of the court, in which all justices joined.

Steven J. Drahozal, Assistant Public Defender, State Public Defender—Wrongful Convictions Unit, Des Moines, for appellant.

Brenna Bird, Attorney General, and David Banta, Assistant Attorney General, for appellee.

**Mansfield, Justice.**

### I. Introduction.

An inmate filed a rudimentary application for postconviction relief (PCR) and an application for appointment of counsel. The State moved for summary disposition on the PCR application but without serving the inmate. The application for counsel was not acted upon. Many months later, the district court noticed that the motion for summary disposition had not been ruled on or resisted. The court granted the motion. Presumably, the court was unaware that the motion had never been served.

On further review, we now reverse and remand. The State argues that the PCR application is completely without merit. The State may be right. In the underlying criminal case, the inmate pleaded guilty with the assistance of counsel and admitted the offense. But that's not the point. A PCR action should not be dismissed without notice from either the State or the court and an opportunity for the inmate to respond. *See* Iowa Code § 822.6 (2023).

### II. Facts and Procedural History.

On October 27, 2021, Cody Smith was arrested in Sioux City for allegedly pulling a knife and lunging at a relative in the course of a domestic disturbance. He was charged with assault while displaying a dangerous weapon, an aggravated misdemeanor, in violation of Iowa Code section 708.2(3) (2021). On January 14, 2022, Smith entered a written plea of guilty, acknowledging the offense. He was sentenced to sixty days in jail, with credit for sixty days already served. Smith did not appeal.

Approximately a year and a half later, Smith filed a pro se PCR application. His application used our approved form. *See* Iowa R. Crim. P. 2.37—Form 7. He checked the following four preprinted grounds for relief:

## III.

Grounds upon which application is based (grounds checked must be fully explained in space below):

A. _____ The conviction or sentence was in violation of the Constitution of the United States or the Constitution or laws of this state.

B. \_\_✓\_\_ The court was without jurisdiction to impose sentence.

C. _____ The sentence exceeds the maximum allowed by law.

D. \_\_✓\_\_ There exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice.

E. _____ (1) Applicant's sentence has expired.

\_\_✓\_\_ (2) Applicant's probation, parole, or conditional release has been unlawfully revoked.

_____ (3) Applicant is otherwise unlawfully held in custody or other restraint.

F. \_\_✓\_\_ The conviction or sentence is otherwise subject to collateral attack upon ground(s) of alleged error formerly available under any common law, statutory, or other writ, motion, proceeding, or remedy.

*See id.*

The form states that "grounds checked must be fully explained in space below." In the eight lines given, Smith stated simply, "Retrial[.] Court was without jurisdiction."

In a separate section of the form, requesting "[f]acts supporting application within personal knowledge of applicant," Smith said only, "Falsely charged."

Elsewhere, where the form requested the attachment of or information concerning "documents, exhibits, affidavits, records, or other evidence," Smith said that he was "incar[c]erated" and had a "lack of reso[u]rces."

Smith also indicated on the form that he was not able to pay court costs and expenses of representation and desired to have counsel appointed.

Smith submitted a separate application for appointment of counsel with supporting financial information. However, Smith's PCR application became part of a new PCR court file, whereas his application for appointment of counsel ended

up in the old criminal case file and was never acted upon. Thus, Smith had no counsel below.

On September 12, 2023, the State answered Smith's PCR application and moved for summary judgment. In the motion, the State urged that Smith had entered a plea of guilty admitting to the offense and that the sentence was for a legal term. There is no indication that the answer or the motion for summary judgment were ever served on Smith.

Smith apparently was served with the following court notices: (1) a September 13, 2023 notice of civil trial setting conference, (2) a February 14, 2024 notification of individual assignment of judge, and (3) a February 14, 2024 trial scheduling order. The civil trial setting conference was to have occurred by conference call initiated by the attorney for the petitioner on October 10, 2023. Smith had no attorney and there is no indication in the record that this conference ever took place. Instead, as noted, the district court issued a trial scheduling order sua sponte some four months later on February 14, 2024. Trial was to occur in August.

The next development in the case took place on July 15. On that day, the assigned district judge issued an order granting summary judgment to the State. The order explained as follows:

> The Court just became aware of the State's Motion for Summary Judgment filed September 12, 2023 when it reviewed the file and its upcoming schedule for trials. No Resistance has been filed by the Ap[pl]icant. A review of the Application, the Motion for Summary Judgment and the contents of the underlying case of AGCR113135 leads this Court to conclude that the Motion has merit and should be granted.

> The Applicant states in his Application that the Court does not have jurisdiction yet does not state how the Court fails to have jurisdiction. The criminal file indicates that the Court at the time judgment was imposed had personal and subject matter jurisdiction

and no challenge of the Court's jurisdiction was made before the Court in the criminal matter.

> Accordingly, this Court grants the Motion for Summary Judgment and dismisses the Application for Post-Conviction Relief. There are no genuin[e] issues of fact in dispute and the State is entitled to a judgment as a matter of law.

Counsel from the State Public Defender's Wrongful Convictions Unit entered an appearance for Smith and filed this appeal. Smith's appeal argued that the district court erred—on both statutory and constitutional grounds—in dismissing his PCR application without notice and an opportunity to be heard. Smith also argued that the district court erred in viewing the PCR application as raising solely the question of the criminal trial court's jurisdiction.

We transferred the case to the court of appeals. In a split 2–1 decision, that court affirmed. The majority ruled that "[t]he [district] court was not required to provide a hearing on the State's motion. Smith was given notice of the motion and an opportunity to respond and he failed to do so." The majority also ruled that to the extent Smith's PCR application raised grounds for relief other than lack of jurisdiction, Smith was required to file a motion to enlarge under Iowa Rule of Civil Procedure 1.904(2) to preserve those grounds for appeal.

The dissent challenged the majority's conclusion that Smith had received notice of the summary judgment motion and an opportunity to respond. As the dissent put it, "My reading of the record does not support that finding." The dissent would have reversed and remanded to the district court to give Smith an opportunity to respond to the summary judgment motion and to have that response considered.

We granted Smith's application for further review.

### III. Standard of Review.

"Our review in postconviction relief proceedings is for correction of errors at law." *Manning v. State*, 654 N.W.2d 555, 558–59 (Iowa 2002). Constitutional issues, however, are reviewed de novo. *More v. State*, 880 N.W.2d 487, 498–99 (Iowa 2016).

### IV. Legal Analysis.

We believe the district court erred in granting summary judgment given that Smith had never been served with the motion.

Iowa Code section 822.6(3) (2023) provides,

> The court may grant a motion by either party for summary disposition of the [PCR] application, when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

This language echoes the language of our summary judgment rule—Iowa Rule of Civil Procedure 1.981(3). And indeed, we have explained that rule 1.981 summary judgment procedures apply to PCR summary disposition motions:

> Disposition under paragraph three is "analogous to the summary judgment procedure" in Iowa Rules of Civil Procedure 237–240 (now rules 1.981–1.983). *Summage v. State*, 579 N.W.2d 821, 822 (Iowa 1998) [(per curiam)]. The language in paragraph three of section 822.6 is comparable to Iowa Rule of Civil Procedure 1.981 (formerly rule 237) relating to summary judgments. *Compare* Iowa Code § 822.6 (providing that court may grant motion for summary disposition "when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law"), *with* Iowa R. Civ. P. 1.981(3) ("The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."); *see also* Iowa Code § 822.7 ("All rules and statutes applicable in civil proceedings including pretrial

> and discovery procedures are available to the parties."). Therefore, the principles underlying summary judgment procedure apply to motions of either party for disposition of an application for postconviction relief without a trial on the merits. *Poulin v. State*, 525 N.W.2d 815, 816 (Iowa 1994).

*Manning*, 654 N.W.2d at 559–60. In addition, Iowa Code section 822.7 provides that "[a]ll rules and statutes applicable in civil proceedings including pretrial and discovery procedures are available to the parties."

According to our civil summary judgment procedure, "Any party resisting the motion shall file a resistance within 15 days, unless otherwise ordered by the court, from the time when a copy of the motion has been served." Iowa R. Civ. P. 1.981(3). But when the movant fails to serve the summary judgment motion, as here, it's difficult see how the resistance deadline can be triggered.

Basic to the summary judgment procedure is that parties are "given an opportunity to resist and argue the motion." *Poulin*, 525 N.W.2d at 816; *see also Rivers v. State*, 615 N.W.2d 688, 690 (Iowa 2000) (per curiam) ("Prior to ruling on a motion for summary judgment, the court must set the motion for hearing and give [the PCR applicant] the opportunity to resist the motion."); *Hines v. State*, 288 N.W.2d 344, 346 (Iowa 1980) ("The common thread which runs through paragraphs two and three of section 663A.6 [(now section 822.6)] is that of protecting the applicant from having his application dismissed by the court without an opportunity to resist in some manner, either at hearing before the court or through an opportunity to reply to a court-proposed dismissal.").

Smith had no such opportunity. The State's motion for summary disposition was not served on him as required by Iowa Rules of Civil Procedure 1.981(3) and 1.442(1).

The State argues that Smith received actual notice about certain "milestones" in the case. That may be so, but notice of milestones is not the same

as receipt of a copy of the motion. Those notices did not inform Smith that a motion for summary disposition had been filed.

Smith's PCR application indicated that he was confined at the North Central Correctional Facility in Rockwell City. Our rules presume that confined persons do not have regular electronic access to court records so they can scan for potential filings, such as pending motions. *See* Iowa R. Elec. P. 16.302(3)(*b*) (excusing confined persons from the duty of registering to file electronically).

Compounding the problematic situation here is the fact that Smith's application for appointment of counsel had not been acted upon.[1] Iowa Code section 822.5 provides that "the costs and expenses of legal representation shall . . . be made available to the applicant in the preparation of the application, in the trial court, and on review if the applicant is unable to pay."

Although section 822.5 contains an unqualified "shall," we have said that this language places the determination of whether to appoint counsel within the district court's "sound discretion." *Wise v. State,* 708 N.W.2d 66, 69 (Iowa 2006). We have further stated that this language creates a "right to postconviction counsel when an applicant presents a cognizable claim." *Goode v. State*, 920 N.W.2d 520, 524 (Iowa 2018). Over a half-century ago, we offered the following advice:

> [T]rial judges would ordinarily be well advised to appoint counsel for most indigent postconviction review applicants. This view has merit in that it benefits the applicant, aids the trial court, is conducive to a fair hearing, and certainly helpful in event of appeal.
>
> . . . .

---

[1]In fairness, it appears that Smith may have written the original criminal case file number on both the PCR application and the application for appointment of counsel. The PCR application got to the right place—a new PCR file. The application for appointment of counsel, unfortunately, didn't.

>So, in determining whether counsel should be appointed, trial judges should inceptionally read the often inartfully drawn application in a light most favorable to the applicant. In event it thus appears a substantial issue of law or fact [m]ay exist, then counsel should be at once appointed.

*Furgison v. State*, 217 N.W.2d 613, 615–16 (Iowa 1974) (citations omitted). In any event, no district court exercised discretion with respect to Smith's application for appointment of PCR counsel because his application landed in the wrong case file.

**V. Conclusion.**

We do not reach Smith's constitutional due process argument or the merits of his PCR application. Instead, for the reasons stated, we vacate the decision of the court of appeals, reverse the judgment of the district court, and remand for further proceedings. Those proceedings should include consideration of Smith's application for appointment of counsel and service of the State's motion for summary disposition with an opportunity for Smith to resist the motion.

**Decision of Court of Appeals Vacated; District Court Judgment Reversed and Case Remanded with Instructions.**